IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,

        Plaintiff,

v.

UNITED STATES OF AMERICA; and
US ATTORNEY'S OFFICE
DISTRICT OF OREGON;

        Defendants.

Case No. 3:13-cv-01160-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

In the caption of his Complaint, Plaintiff names as Defendants "United States of America," "US Attorney's Office District of Oregon." In the body of the Complaint, Plaintiff

1 - ORDER TO DISMISS -

identifies additional four additional Defendants: the Bonneville Power Administration ("BPA"), Portland VA Medical Center, Federal Bureau of Investigation, and United States Army. Plaintiff alleges the bases for jurisdiction as follows:

> American Disability Act amended 1991, Equal Employment Opportunity Claim Violation, USAJOBS.gov hiring practice & mismanagement, malpractice against VA and VA hiring bad doctors to treat veterans, and President Obama being made aware through correspondence since 2009 for Executive Branch failures.

Plaintiff alleges three claims for relief, which are difficult at best to decipher. In the first claim, Plaintiff alleges that USAJOBS.gov, the Department of Veterans' Affairs, and the BPA have posted job vacancies for which Plaintiff has applied, then cancelled the job posting, and then re-posted the same job under a different number. When Plaintiff applies again, the job posting is again cancelled.

In his Second Claim, Plaintiff alleges the VA Medical Center hires unqualified doctors. It appears Plaintiff complains that he has been forced to consult with his primary care physician by video conference. Plaintiff also complains that the process to obtain a different primary care doctor takes two years. Plaintiff does not allege he has suffered any injury.

In his Third Claim, Plaintiff alleges he was subjected to harassment, torture, and assault while he served in the United States Army from January 31, 2002 through September 18, 2007.

2 - ORDER TO DISMISS -

By way of remedy, Plaintiff seeks money damages and an order requiring that he either be hired for a government position or that his tuition for enrollment in law school be paid.

## STANDARDS

When a party is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

  (I)  is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In order to state a claim, Plaintiff's Complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

3 - ORDER TO DISMISS -

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.  First Claim for Relief

The exact nature of Plaintiff's First Claim is difficult to understand. It appears Plaintiff is alleging he applied for positions with the Veterans' Administration ("VA") and with the BPA through USAJOBS.gov, and that the job postings for which he applied were subsequently cancelled and then reinstated under new descriptions. When Plaintiff applied for the new postings, the

4 - ORDER TO DISMISS -

same thing apparently occurred. It is not clear whether Plaintiff is alleging this resulted from discrimination, as he simply alleges a "faulty hiring practice." Because Plaintiff invokes the Americans With Disabilities Act ("ADA") and "Equal Employment Opportunity" law in his statement of the Court's jurisdiction, however, the Court construes Plaintiff's First Claim as an attempt to allege the VA and BPA discriminated against him based upon a disability in declining to hire Plaintiff.[1]

An applicant for federal employment must exhaust his administrative remedies as a precondition to filing a employment discrimination suit under Title VII. See 42 U.S.C. § 2000e(c); *Vinieratos v. U.S. Dept. of Air Force Through Aldridge*, 939 F.2d 762, 767-68 (9th Cir. 1991). The administrative process is set forth in regulations promulgated by the Equal Employment Opportunity Commission pursuant to statutory directive. See 29 C.F.R. §§ 1614.105-1614.110.

Plaintiff's Complaint does not allege facts demonstrating that he complied with the administrative complaint requirement. Accordingly, Plaintiff's First Claim must be dismissed.

---

[1] An action against a federal agency for disability discrimination would appropriately brought under the Rehabilitation Act of 1973, not the ADA. See 29 U.S.C. §§ 791, 794a.

## II. Second Claim for Relief

The exact nature of Plaintiff's Second Claim is also difficult to decipher. Plaintiff appears to complain that his primary care physician through the VA is not located in Portland and is difficult to understand, and that it will take two years to be re-assigned to another primary care physician. As noted, however, Plaintiff does not allege he suffered any injury.

To the extent Plaintiff's Second Claim may be construed as alleging some dissatisfaction with a claim decision made by the VA, this Court lacks jurisdiction. Under 38 U.S.C. § 511(a),

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans. . . . [T]he decision of the Secretary to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

This statute precludes judicial review "of those decisions of law or fact that arise in the administration by the Veterans' Administration of a statute provided benefits for veterans." *Johnson v. Robison*, 415 U.S. 361, 367 (1974) (construing predecessor statute 38 U.S.C. § 211(a)). Thus a district court may not adjudicate whether the VA acted properly in handling a request for benefits. *See Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005). Because this Court lacks jurisdiction to

6 - ORDER TO DISMISS -

consider Plaintiff's claims concerning the provision of medical care by the VA, Plaintiff's Second Claim must be dismissed.

### III. Third Claim for Relief

Plaintiff's Third Claim alleges he suffered harassment, torture, and assault while enlisted in the United States Army. Members of the armed services cannot "sue the Government for injuries that 'arise out of or are in the course of activity incident to service.'" *Bowen v. Oistead*, 125 F.3d 800, 803 (9th Cir. 1997) (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)). This "incident to service" standard includes incidents that occur during current military service or "within [an] existing military service obligation." *Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011) (distinguishing between an order to recall a serviceperson—which falls under *Feres* since it implicates "military decisions, affairs, and discipline"—and an alleged forged signature to reenlist a serviceperson, which does not fall under *Feres* because a reenlistment decision is voluntary and outside an existing military obligation).

*Feres* immunity extends to "practically any suit that 'implicates the military judgment and decisions.'" *Persons v. U.S.*, 925 F.2d 292, 296 (9th Cir. 1991) (quoting *United States v. Johnson*, 481 U.S. 681, 691(1987)). Specifically, the military is

immune to claims arising from negligence and intentional torts. *Bowen*, 125 F.3d at 804-806.

Plaintiff's third claim challenges conduct that occurred while he was a member of the armed forces and is "inherently military" in nature. Consequently, Plaintiff does not state a claim for which relief can be granted since, pursuant to *Feres*, the military is not liable for the injuries Plaintiff alleges.[2]

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Because it is clear Plaintiff cannot cure the deficiencies contained in his Second and Third Claims, they are dismissed WITH PREJUDICE. Dismissal of Plaintiff' First Claim is WITHOUT PREJUDICE to his right to file an Amended Complaint within 30 days of the date of this Order curing the deficiencies

---

[2] Moreover, the Court notes Plaintiff's third claim is the subject of another civil action filed prior to this case in state court, which the United States Army removed to this Court, and in which a Motion to Dismiss is currently pending. See *Knight v. Department of the Army*, Case No. 3:13-cv-1211-BR. To the extent Plaintiff claims are duplicative of the claims alleged in that case, Plaintiff has no right to have two actions pending based on the identical facts. See *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action); see also *Boag v. McDougall*, 454 U.S. 364, 365 n.1 (1982) ([former] § 1915(d) gives district court broad discretion to take judicial notice of previously filed civil rights actions); *Hernandez v. Denton*, 861 F.2d 1421, 1425 (9th Cir. 1988), rev'd on other grounds, 493 U.S. 801 (1992) (*in forma pauperis* plaintiff has no right to bring repetitive or duplicative claims).

8 - ORDER TO DISMISS -

noted above. Plaintiff is advised that failure to file an Amended Complaint within the time provided shall result in a judgment of dismissal.

IT IS SO ORDERED.

DATED this 6th day of September, 2013.

*Anna J. Brown*
ANNA J. BROWN
United States District Judge

9 - ORDER TO DISMISS -